**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 15 – CV – 2423 – RM - GPG

CLINTON W. KYLE and
MARY R. KYLE,

    Plaintiffs,

v.

ANNE ROSALES,
BOYS AND GIRLS CLUB,
JENNIFER HARRIS,
JOBY TOLD,
HEATHER CANNON,
DOLLIE ROSE,
WENDY NALDOLNY,
CHUCK GROBE,
JOHN KINCAID, REBECCA TYREE,
MICHAEL O'HARA,
FRANK MOE,
A&S COUNSELING,
JOHN HICKENLOOPER and,
ATTORNEY GENERAL OF COLORADO,

    Defendants.

## **PRELIMINARY** ORDER REGARDING DEFENDANTS' JOINT MOTION TO STAY DISCOVERY

This matter comes before the Court on the following motion:

1.     Defendants' motion to stay discovery (document #41).[1]

---

[1] "(ECF #41)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

By Order of reference, (document #42), this matter has been referred to the Magistrate Judge. The Court has reviewed the pending motion and attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. The response time as set forth in D.C.COLO.LCivR 7.1(d) has not yet passed and this Court is not modifying that time. <u>Plaintiff may still respond within 21 days after service of the motion (filed 1/20/2016) and the Court will promptly consider any response and adjust this Preliminary Order accordingly.</u> However, exercising my authority to "[r]ul[e] on a motion at any time after it is filed," D.C.COLO.LCivR 7.1(d), **I PRELIMINARILY GRANT** this motion for the reasons discussed below and thus stay discovery:

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.,* 299 U.S. 248, 254–255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City S. Ry. Co. v. United States,* 282 U.S. 760, 763 (1931).

To resolve motions to stay discovery, this District has adopted the following five-factor balancing test: (1) prejudice of a stay to plaintiff's interest in proceeding expeditiously; (2) the burden of discovery on defendant; (3) convenience of the court; (4) interests of third parties; and (5) the public interest. *See String Cheese Incident, LLC. v. Stylus Shows, Inc.,* 02–CV–01934–LTB–PAC, 2006 WL 894955, at *2 (D.Colo. Mar. 30, 2006). *See also, Landis v. North American Co.,* 299 U.S. 248, 254 (1936); *United Steelworkers of America v. Oregon Steel Mills,*

*Inc.,* 322 F.3d 1222, 1227 (10th Cir.2003); *Battle v. Anderson,* 564 F.2d 388, 397 (10th Cir.1977).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.,* 713 F.2d 1477, 1484 (10th Cir.1983)(quoting *Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d Cir.1971). A stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.,* No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at*2 (D.Colo. Mar. 2, 2007). However, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D.Fla.2003). Moreover, lack of subject matter jurisdiction may be asserted at any time by the court either at the trial or appellate level, and that has been done on innumerable occasions at all levels of the federal judiciary. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999). A Rule 12(b)(1) challenge is usually among the first issues resolved by a district court because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge. *Id.*

As stated above, The Court has reviewed the entirety of this file which includes, in pertinent part:  Plaintiffs' Complaint (EFC #1), Motion to Dismiss by the Moffat County Defendants (ECF #13), Motion to Dismiss by Defendant Heather Cannon (ECF #17), Motion to Dismiss by the State Defendants (ECF #30), Motion for Leave to Amend (ECF #37) and Motion the Dismiss by Defendant Wendy Naldolny (ECF #40).  The Court would note that no Response has yet been filed as to any of the aforementioned motions although a response date of 1/15/2016

was set for response on ECF filings #13 and #17. This Court has been referred for recommendation each of the dispositive filings referenced above.

Plaintiffs bring seven claims for relief in this action against some 15 separate Defendants (ECF #1). Plaintiffs' Complaint is not a model of clarity. However, the Court must construe the Complaint liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Essentially, Plaintiffs believe that their rights were violated during the removal of Plaintiff Kyle's daughter, L.R.K., from his custody pursuant to a dependency and neglect proceeding in Moffat County, Colorado. Plaintiffs allege violations of their rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiffs seek injunctive relief, return of the child, $400,000,000.00 in punitive damages and other relief as set forth in the Complaint, ECF #1, p.8.

The purpose of this Preliminary Order is not to delve overly deeply into the various Motions to Dismiss which have been filed in this action. Recommendations on those Motions will be forthcoming following the appropriate Response and Reply times. However, a first review of the entirety of this action and those motions leads this Court to believe that a substantial likelihood exists that some part if not all of this action may be dismissed at the Rule 12(b) stage.

Dismissal of many of the claims seems probable for many of the following reasons: (1) abstention under the *Younger* doctrine (Federal Courts are prohibited from interfering with ongoing State proceedings when the State proceedings implicate important State interests and the State proceedings afford an adequate opportunity to present Federal Constitutional challenges.

*See Younger v. Harris*, 401 U.S. 37 (1971); (2) lack of personal participation on the part of numerous Defendants; (3) various immunities which different Defendants may claim; and (4) a general failure to state a claim upon which relief may be granted.

Keeping the aforementioned in mind, I will now look to the relevant *String Cheese* factors. With regard to the Plaintiffs' interest in proceeding expeditiously, I do not find that a stay would overly burden that interest at this time. This action stems from a dependency and neglect proceeding in which Plaintiffs were involved. Presumably, Plaintiffs would have much of the relevant discovery from their participation in this action. Additionally, Plaintiffs have already missed some Response dates set by this Court, perhaps signaling their lack of prompt participation in this proceeding. The main reason for a stay is the burden on the Defense at this stage counterpoised against the likelihood that many of them may be later dismissed from this action. The Court finds that a requirement to proceed with discovery would be unduly burdensome on Defendants given the likelihood of a 12(b) resolution for many of the Defendants. At this stage, keeping in mind that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D.Fla.2003). The Court believes that to be the most appropriate manner of proceeding. As to interests of third parties and the public interest, neither of those factors appear to be at issue in this action more than in any other matter.

As was stated above, this is a PRELIMINARY ORDER. Should the Plaintiffs Respond, the Court will immediately review the Response and any Reply and adjust this Order accordingly.

Therefore, it is ORDERED that discovery is stayed for all Defendants pending further Order of the Court.

Dated at Grand Junction, Colorado, this 24th day of January, 2016.

_____
Gordon P. Gallagher
United States Magistrate Judge