**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 15 – CV – 2423 – RM - GPG

CLINTON W. KYLE and
MARY R. KYLE,

    Plaintiffs,

v.

ANNE ROSALES,
BOYS AND GIRLS CLUB,
JENNIFER HARRIS,
JOBY TOLD,
HEATHER CANNON,
DOLLIE ROSE,
WENDY NALDOLNY,
CHUCK GROBE,
JOHN KINCAID,
REBECCA TYREE,
MICHAEL O'HARA,
FRANK MOE,
A&S COUNSELING,
JOHN HICKENLOOPER and,
ATTORNEY GENERAL OF COLORADO,

    Defendants.

## ORDER REGARDING PLAINTIFFS' MOTION TO AMEND

This matter comes before the Court on the following motion and responses: Plaintiffs' Motion for Leave to Amend (ECF #37),[1] Defendant Cannon's Response (ECF # 44), Response of the Moffat County Defendants (ECF #45) and Defendant Naldony's Response (ECF # 46).

---

[1] "(ECF #37)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

The Motion has been referred to this Magistrate Judge for Order. The Court has reviewed the pending motions and responses. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.

Plaintiffs bring seven claims for relief in this action against some 15 separate Defendants (ECF #1). Plaintiffs' Complaint is not a model of clarity. However, the Court must construe the Complaint liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Plaintiffs move, pursuant to Rule 15A (sic), to amend their Complaint. Plaintiffs have essentially filed a three page factual monologue, occasionally and inappropriately interspersed with some supposed legal theory: e.g., "GAL standards2.5 c-1 c-2." (sic) (ECF #37, p.3).

Plaintiffs utterly failed to comply with the Local Rules of Practice in two significant respects. First, Plaintiffs failed to comply with the conferral requirement. D.C.COLO.LCivR 7.1 (a). Second, Plaintiffs failed to comply with requirements of D.C.COLO.LCivR 15.1(a) which state:

> Amendment as a Matter of Course or by Consent. A party who files an amended pleading under Fed. R. Civ. P. 15(a)(1) or with the consent of the opposing party shall file a separate notice of filing the amended pleading and shall attach as an exhibit a copy of the amended pleading which strikes through (e.g., ~~strikes through~~) the text to be deleted and underlines (e.g., <u>underlines</u>) the text to be added.

Each of these requirements have important underpinnings in the court system. The conferral requirement is clearly in keeping with Federal Rule of Civil Procedure 1 which mandates and espouses the '[j]ust, speedy and inexpensive determination of every action and proceeding."

Without this requirement, the court can imagine, without speculation, the raft of motions with which a court could be buried for lack of sensical discussion between the parties.

The requirements of Rule 15.1 are no less important. Weeding through documents is perhaps the biggest time sink for litigants and a court. The party filing the document best knows what changes it is making and why. For that reason, it is incumbent on a party amending a document to point out, in an easy fashion as outlined above, what is changing. That ultimately saves time for all involved.

The Court is aware of but chooses not to address, at this time, the futility argument raised in each of the various responses filed by the Defendants. That argument may be addressed at a later time.

For the forgoing reasons, Plaintiffs' Motion to Amend is denied with leave to re-file a motion complying with the Local Rules of Court within 10 days of this Order.

Dated at Grand Junction, Colorado, this 10th day of February, 2016.

_____
Gordon P. Gallagher
United States Magistrate Judge